Reese, J.
delivered the opinion of the court
The bill in this case, among other things, alledged, that Til-man and Pool each obtained separate judgments before a Justice of the Peace, against one William P. Searcy, amounting together, with interest, to about the sum of seven hundred dollars; that they caused executions to be issued thereon, which were levied upon a tract of land, mentioned in the pleadings; and being duly returned to the Circuit Court, process of vendi-tioni exponas in each case was duly awarded and issued, and that afterwards the tract of land was exposed to sale and sold thereon, the said Tilman by the consent of the said Pool bidding the full amount of both executions, and became the purchaser, at the price of about seven hundred dollars; that said Tilman has taken a sheriff’s deed for the said land, which is duly registered. But they alledge that before their said levy, the defendant William P. Searcy by a fraudulent deed of trust conveyed the lands to the other defendants to secure pretended debts, and that shortly thereafter, and a little before the levy of the executions, the said William P. made an absolute deed to his father, the defendant Reuben Searcy; which deed, as well as the deed of trust, is fraudulent-and void as against creditors, being made with the intent to hinder and delay the collection of just debts; and that said conveyances constitute a cloud over the title of the said Tilman, which they therefore pray may be set aside and declared void. The other complainants severally alledge that they have obtained judgments against the said William P. Searcy; that subsequently to the sale of the land by virtue of the venditioni etcponas of Tilman and Pool, they caused *488 the same land to be levied on by the venditioni exponas, and that the same will be sold thereon before the cause will be brought to a hearing. They pray that the fraudulent titles of the defendants may be declared void, and that the land may^e sold by the decree of the court, and the parties complainants'may be paid their judgments, either pro rata or according to their priorities. The defendants demurred to the bill, for misjoinder of complainants and for multifariousuess: and the first question in the case is, shall this demurrer be allowed? and we are of opinion it must be. Parties complainants to a bill must in general have a community, not indeed in every instance an identity, of interest. Story, in his Equity Pleading, 509, says, “The want of interest is not only a good cause of demurrer, in the case of a sole plaintiff, but if the suit is joint, a wantof interest in either of the plaintiffs is equally fatal.’' In this case Pool is not a judgment creditor. The bill shows his judgment to have been extinguished. He is not a purchaser, for Tilman is purchaser, and has the sheriff’s deed. This is not a creditor’s bill, for Tilman is a purchaser, has the legal title, and by his purchase satisfied the judgment. The other complainants are judgment creditors, whose attitude and interests create a conflict, not with the defendants merely, but necessarily with their co-complai nants.
This court, with some hesitation and difficulty, maintained the bill of Henderson & McDermot vs. Peck et als. 3 Hump. 247, for the reasons there stated. To sustain this bill' would be to go greatly further, and would lead to much inconvenience and confusion by the joinder of complainants with distinct, inconsistent and hostile claims and grounds of relief in the same bill.
For these reasons, we reverse the decree of the Chancellor disallowing the demurrer, and allow the same; and of course we dismiss the bill, without deeming it necessary, or perhaps proper, to enquire into any other questions raised in the record.